SUSAN G. KUMLI
Acting Regional Solicitor
BORIS ORLOV
Wage and Hour Counsel
ADRIANA E. AHUMADA (CA #274295)
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7742
ahumada.adriana.e@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,
United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PREMAR GLOBAL WAREHOUSE LOGISTICS dba PREMAR, sole proprietorship, EXPORT DYNAMICS DE MEXICO, S.C., and THOMAS MARTINEZ LEAL, individually and as the managing agent,<br><br>Defendants. | Case No. 3:21-cv-01484-W-MSB<br><br>**CONSENT JUDGMENT** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, and Defendants Premar Global Warehouse Logistics ("Premar"), Export Dynamics de Mexico, S.C. ("Export Dynamics"), and Tomas Martinez Leal (collectively the "Parties"), have agreed to resolve the matters in controversy in

this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

## STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 6, 7, 11(c), 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(1), 215(a)(2) and 15(a)(5).

B. Defendants have retained defense counsel and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C. Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.

D. The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of October 29, 2018, through November 22, 2020. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendants through this Consent Judgment.

E. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

F. For purposes of this consent judgment only, Defendants admit that the Court has jurisdiction over the Defendants and the subject matter of this civil action and that venue lies in the Southern District of California.

G. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction will be provided with notice of the provisions of this Consent Judgment within 30 days of entry. Defendants represent that they and all individuals and entities acting on their behalf or at their direction and any individual, entity, or corporation with ownership or managerial authority over Defendants have notice of, and understand, the provisions of this Consent

Judgment.

H. Defendant admit that the employees, identified on Exhibit A, handle and transport goods at their warehouse located at 6700 Gateway Park Drive, Suite 5, San Diego, CA 92154. These goods have been moved in commerce and are offered for transportation and shipment.

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at its direction or in concert or participation with it, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA § 3(s), wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.      Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendants or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

4.      Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

5.      Defendants, jointly and severally, shall not continue to withhold the payment of $75,900.00 in minimum wage pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of October 29, 2018, through November 22, 2020 ("Back Wage Accrual Period").

6.      Defendants, jointly and severally, shall not continue to withhold the payment of $154,100.00 in overtime pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the Back Wage Accrual Period.

7.      Defendants, jointly and severally, will further pay the Department of Labor an additional sum of $5,000.00 in civil monetary penalties.

8.      The total amount Defendants owe in unpaid minimum wages, unpaid overtime, and civil money penalties under this Consent Judgement is $235,000.00. Defendants will pay an initial $15,000.00 on September 15, 2021 and an additional $15,000.00 on October 15, 2021. Defendants must then pay the remaining

$205,000 plus interest under this Consent Judgment to the Department of Labor Wage and Hour Division as follows:

| Payment Date | Payment | Principal | Interest | Payment Made |
|---|---|---|---|---|
| 11/15/2021 | $11,479.26 | $11,308.43 | $170.83 | $41,479.26 |
| 12/15/2021 | $11,479.26 | $11,317.85 | $161.41 | $52,958.53 |
| 1/15/2022 | $11,479.26 | $11,327.29 | $151.98 | $64,437.79 |
| 2/15/2022 | $11,479.26 | $11,336.73 | $142.54 | $75,917.05 |
| 3/15/2022 | $11,479.26 | $11,346.17 | $133.09 | $87,396.32 |
| 4/15/2022 | $11,479.26 | $11,355.63 | $123.64 | $98,875.58 |
| 5/15/2022 | $11,479.26 | $11,365.09 | $114.17 | $110,354.85 |
| 6/15/2022 | $11,479.26 | $11,374.56 | $104.70 | $121,834.11 |
| 7/15/2022 | $11,479.26 | $11,384.04 | $95.22 | $133,313.37 |
| 8/15/2022 | $11,479.26 | $11,393.53 | $85.74 | $144,792.64 |
| 9/15/2022 | $11,479.26 | $11,403.02 | $76.24 | $156,271.90 |
| 10/15/2022 | $11,479.26 | $11,412.52 | $66.74 | $167,751.16 |
| 11/15/2022 | $11,479.26 | $11,422.03 | $57.23 | $179,230.43 |
| 12/15/2022 | $11,479.26 | $11,431.55 | $47.71 | $190,709.69 |
| 1/15/2023 | $11,479.26 | $11,441.08 | $38.18 | $202,188.96 |
| 2/15/2023 | $11,479.26 | $11,450.61 | $28.65 | $213,668.22 |
| 3/15/2023 | $11,479.26 | $11,460.16 | $19.11 | $225,147.48 |
| 4/15/2023 | $11,479.26 | $11,469.71 | $9.56 | $236,626.75 |

9. Defendants may make the payments required by this Consent Judgment (back wages plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference BW Case Number # 1924806.

10. Defendants will cooperate with and provide assistance, including employee contact information, to the Department of Labor with distribution of the wages and location of employees.

11. The Secretary shall allocate and distribute the funds described in paragraphs 5 and 6 less deductions for employees' share of social security and withholding taxes on the back wage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c)..

12. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of Defendants then known to the Secretary.

13. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way directly or indirectly, demand, require or accept any of the back wages from the individuals listed on Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

14. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights

under the FLSA or provides information to any public agency investigating compliance with the FLSA Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

15. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this judgment, shall amend and maintain their payroll practices as follows:

    a. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) the rate(s) of pay for each of the hours worked during a workweek; (2) the start, stop, and total hours employees work each workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours.

    b. Defendants shall record all wages paid to employees, regardless of the manner of payment, including but not limited to the currency in which the payment was made, on its payroll records. When Defendants record the manner of payment, Defendants will specify the currency in which the payment was made.

    c. Defendants shall maintain a physical copy at their headquarters of all payroll records and time records for all employees.

    d. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

    e. Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants

shall direct supervisors and payroll providers to encourage workers to report all hours worked.

16. Within 30 days of the entry of this Judgment, Defendants shall supply all of their employees with copies of the attached **Exhibit B**, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA, in English and Spanish. In addition, Defendants shall provide copies of **Exhibit B** to all new hires, and post a copy at their location(s) in an area that is frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

17. On at least an annual basis, Defendants shall hire an independent third-party to conduct supervisor training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly. All supervisors and employees who determine Defendants' employees' pay or schedules or who prepare payroll shall attend this training. Defendants shall maintain documentation of these trainings for a period of four years and shall provide it to representatives of the Secretary of Labor upon request. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

18. Within 45 days of the date that Defendants sign this Consent Judgment, Defendants shall hire an independent third-party to conduct non-supervisory employee training as to the requirements of the FLSA in their native language. The training shall be compensable time for which employees shall receive pay and shall not exceed one hour. The independent third-party conducting the training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA, and the FLSA's requirements regarding the definition of "employees". This training shall be repeated two additional times, one

to occur no earlier than twelve months after the initial training and no later than twenty-four months after the initial training, and another to occur no earlier than twelve months after the second training and no later than twenty-four months after the second training.

19. Defendants will allow the Department of Labor's Wage and Hour Division to inspect any payroll records and video surveillance upon request.

20. Defendants will provide the Department of Labor's Wage and Hour Division with time to speak to Defendants' employees to confirm that Defendants are complying with the FLSA and with this Consent Judgment and to answer any questions Defendants' employees may have about their rights under the FLSA. This time shall be compensable time for which employees shall receive pay.

21. Defendants agree to provide one representative to participate in three public events promoting compliance with the FLSA at Wage and Hour Division's request per year over the next two years, for a total of six public events. Defendants will collectively only provide one representative per event and may provide a different representative for each event. The representative will be knowledgeable about the pay and recordkeeping practice changes that Defendants made to comply with the FLSA and with this Consent Judgment. Each public event will last no more than 4 hours. All public events will either require Parties' representative to attend virtually or to travel within San Diego or Imperial County.

**FURTHER,**

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A nor as to any employee named on the attached Exhibit A for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not

limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that Southern District of California Magistrate Judge Michael S. Berg shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

Dated: ___8/25___, 2021.

_____
United States District Judge

For the Plaintiff:

SUSAN G. KUMLI
Acting Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour Litigation

*/s/ Adriana*

ADRIANA E. AHUMADA
Trial Attorney

For Defendants:

The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

For Premar Global Warehouse Logistics and In His Personal Capacity:

_____
THOMAS MANUEL MARTINEZ
Owner of Premar Global Warehouse Logistics

For Export Dynamics de Mexico S.C.:

_____
MANUEL PRECIADO ESPARZA
Director and Legal Representative of Export Dynamics de Mexico S.C.

Approved as to Form:

_____
EVERRARDO MACIAS
Attorney for Defendants

# EXHIBIT A

| Worker | Amount Owed |
|---|---|
| JESUS REYNOSO | $23,454.79 |
| CHRISTIAN BERNABE | $19,143.44 |
| ERNESTO RAMIREZ | $14,660.75 |
| DAVID DE ANDA LUGO | $20,005.00 |
| LUIS ABEL SALAS | $29,245.78 |
| ALFONSO ONTIVEROS | $26,612.86 |
| BEJAMIN JIMENEZ | $20,308.00 |
| CARLOS OLIVAREZ | $18,067.58 |
| MIGUEL SANCHEZ | $18,969.82 |
| SERGIO OLVERA | $16,082.76 |
| MANUEL GARCIA | $11,739.70 |
| ALEJANDRO GARCIA | $5,396.76 |
| GONZALO PATLAN | $1,414.40 |
| GUSTAVO ALVARES | $1,612.84 |
| JESUS AVALOS | $2,150.25 |
| CHRISTIAN ROBLES | $2,762.02 |
| TOTAL | $231,626.74 |

# EXHIBIT B

## SUS DERECHOS BAJO LA FLSA

El Departamento de Trabajo y su empleador han llegado a un acuerdo para resolver una investigación bajo la Ley de Normas Razonables de Trabajo (FLSA en inglés) del Departamento de Trabajo sobre las prácticas de pago de su empleador. Según la FLSA:

- Si usted trabaja 40 horas o menos en una semana, su empleador le debe el salario mínimo federal ($7.25 por hora) por todas las horas que usted trabajo.
    - Por ejemplo, si usted trabajara 40 horas durante una semana por $5 cada hora, o menos del salario mínimo federal, su empleador le debería más dinero.
    - Usted puede calcular lo que su empleador le debe si multiplica las horas que trabajo por la diferencia entre el salario mínimo federal y el salario por hora que le pagaron.
    - En este ejemplo, la diferencia entre el salario mínimo federal ($7.25) y su salario horario ($5.00) es $2.25. Multiplicaría $2.25 por 40 horas para determinar que su empleador le debe $90.00.
- Si usted trabaja más de cuarenta horas en una semana, su empleador le debe el más alto de su salario horario o el salario mínimo de California (que es aún más alto que el salario mínimo federal) por todas las horas que usted trabaja. Su empleador también le debe pago adicional de sobretiempo por todas las horas que trabaja más de 40.
    - El pago de sobretiempo es adicional a su salario horario y debe ser el 50 por ciento de su salario horario, que tiene que ser al menos el equivalente al salario mínimo de California.
    - El salario mínimo estatal del estado de California es $13.00 por hora para empleados que trabajan para empleadores con 25 o menos empleados y $14.00 por hora para para empleados que trabajan para empleadores con 26 o más empleados.
    - Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $13.00, y usted trabaja 50 horas en una semana, se le debería:
        - Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $13.00 = $650.00.
        - Más tiene que agregar el pago de sobretiempo por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $13.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $13.00, o $6.50. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.50 = $65.00.
        - Su pago total para la semana sería $650.00 + $65.00 = $715.00.
    - Por ejemplo, si usted trabaja por un empleador en California con menos de 26 empleados, su salario horario es $5.00, y usted trabaja 50 horas en una semana, se le debería:

---

CONSENT JUDGMENT AS TO PREMAR GLOBAL WAREHOUSE LOGISTICS, EXPORT DYNAMICS DE MEXICO, S.C., and THOMAS MARTINEZ LEAL.

Case No. 3:21-cv-01484-W-MSB                                                                                     Page 1

- Su pago normal por hora (que también se llama "straight time" en ingles sería 50 horas x $5.00 = $250.00.
- También su empleador le debe la diferencia entre su salario horario de $5.00 y el salario mínimo de California de $13.00, o 50 horas x $8.00 = $400.00.
- Más tiene que agregar el pago de sobretiempo por todas las horas que trabajo más de 40 horas. En este ejemplo, usted trabajo 10 horas más de cuarenta horas. Su salario horario es $13.00, que es más alto que salario mínimo federal y equivalente que el salario mínimo de California. El pago de sobretiempo por cada hora adicional de cuarenta seria el 50 por ciento de $13.00, o $6.50. Como usted trabajo 10 horas más de cuarenta, el pago de sobre tiempo esta semana seria 10 horas x $6.50 = $65.00.
- Su pago total para la semana sería $250.00 + $400.00 + $65.00 = $715.00.

- Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.
- Su empleador no puede amenazarlo ni tomar medidas en su contra por hablar con un representante del DOL, participar en un caso legal del DOL o ejercer sus derechos ante la FLSA.
- **Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en un caso legal del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**
  - Despedirlo a usted o a cualquier amigo o familiar que trabaje con usted;
  - Negarse a pagarle por todas las horas que trabaja;
  - Negarse a emplear a un familiar suyo;
  - Reportarle al gobierno para su deportación;
  - Reducir sus horas de trabajo o la cantidad que gana;
  - Amenazarlo con problemas legales o usar a su abogado para hacerle daño;
  - Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.
- También es ilegal que alguien le obligue a firmar un documento con información falsa sobre las horas que trabaja, el pago que recibe, o cualquier otra cosa relacionada con sus derechos a la FLSA.
- Usted tiene el derecho legal de decir la verdad sobre sus condiciones de trabajo sin que nadie lo amenace o lo cause daño.
- Estas leyes se aplican a usted sin importancia de su estatus migratorio.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con el DOL al (619)-557-5110.**

## EXHIIT B

## YOUR RIGHTS UNDER THE FLSA

The U.S. Department of Labor ("DOL") and your employer have reached an agreement to resolve the Department's investigation under Fair Labor Standards Act (FLSA) into your employer's pay practices. Under the FLSA:

- If you work 40 hours a week or less, your employer must pay you the federal minimum wage, which is $7.25 per hour, for all hours worked.
    - For example, if you worked 40 hours at an hourly rate of $5.00, or less than the federal minimum wage, your employer would owe you more money.
    - You can calculate what your employer would owe you by multiplying the hours that you worked by the difference between the federal minimum wage and the hourly rate that you were paid.
    - In this example, the difference between the minimum wage ($7.25) and your hourly rate ($5.00) is $2.25. You would multiply $2.25 by 40 hours to determine that your employer owes you $90.00.
- If you work more than 40 hours per week, your employer owes you your hourly rate or the California state minimum wage (which is higher than the federal minimum wage), whichever is higher, for all hours that you work. Your employer also owes you additional overtime pay for all hours that you worked over 40 hours.
    - Overtime pay is in addition to your normal hourly pay and must be 50 percent of your normal hourly pay or the California state minimum wage, whichever is higher, for each hour that you work.
    - California minimum wage is presently $13.00 for employees who work for employers with 25 or fewer employees and $14.00 for employees who work for employers with 26 or more employees.
    - OVERTIME EXAMPLE #`: if you worked for an employer in California with less than 26 employees, your hourly rate was $13.00 an hour, and you worked 50 hours in a week, you would be owed:
        - Your normal pay for each hour (also known as "straight time"), 50 hours x $13.00 = $650.00.
        - You also would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. Your hourly rate $13.00, which is higher than the federal minimum wage and equivalent to the state minimum wage. The overtime pay for each hour would be $13.00 multiplied by 50 percent, which equals $6.50. Therefore, your overtime premium for that week would 10 hours x $6.50 = $65.00
    - Your total weekly pay would therefore be $650.00 + $65.00 = $715.00.
    - For example, if you worked for an employer in California with less than 26 employees, your hourly rate was $5.00 an hour, and you worked 50 hours in a week, you would be owed:

CONSENT JUDGMENT AS TO PREMAR GLOBAL WAREHOUSE LOGISTICS, EXPORT DYNAMICS DE MEXICO, S.C., and THOMAS MARTINEZ LEAL.

Case No. 3:21-cv-01484-W-MSB                                                                                             Page 3

- 
    - Your normal pay for each hour, 50 hours x $5.00 = $250.00.
    - You also would be owed difference between your pay of $5.00 an hour and California minimum wage of $13.00 per hour, 50 hours x $8.00 = $400.00
    - In addition, you would be owed overtime pay for all hours over 40 that you worked. In this example, you worked 10 hours more than 40 hours. The overtime pay for each hour would be $13.00 multiplied by 50 percent, which equals $6.50. Therefore, your overtime premium for that week would 10 hours x $6.50 = $65.00
  - Your total weekly pay would therefore be $250.00 + $400.00+$65.00 = $715.00.
- Your employer must correctly document and report each hour you work and all pay you receive.
- Your employer cannot threaten you or take action against you for speaking to a DOL representative, participating in a DOL legal case, or exercising your FLSA rights.
- **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL legal case, or spoke up about your FLSA rights. It is illegal for your employer to take the following actions because you exercised your FLSA rights:**
  - Fire you or any friends or relatives that work with you;
  - Refuse to pay you for all hours you work;
  - Refuse to hire a relative of yours;
  - Report you to the government for deportation;
  - Reduce your work hours or the amount you earn;
  - Threaten you with legal problems or threaten to use their lawyer to harm you;
  - Make any other threat or take any harmful action against you.
- It is also illegal for anyone to force you to sign a document with false information about the hours you work, pay you receive, or anything else related to your FLSA rights.
- You have the legal right to tell the truth about your working conditions without anyone threatening or causing you harm.
- These laws apply to you regardless of your immigration status.

---

CONSENT JUDGMENT AS TO PREMAR GLOBAL WAREHOUSE LOGISTICS, EXPORT DYNAMICS DE MEXICO, S.C., and THOMAS MARTINEZ LEAL.

Case No. 3:21-cv-01484-W-MSB                                                                                       Page 4